UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:
ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Debtor.
_____/

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Plaintiff,

-vs-                                           Case No. 6:13-cv-700-Orl-28

FLASTER/GREENBERG, P.C., et al.,       Bankr. Ct. Case No. 6:03-bk-299-KSJ
                                                     Adv. Proc. No. 6:05-ap-00006-KSJ
    Defendants.                         Adv. Proc. No. 6:11-ap-00008-KSJ
                                                     (consolidated as Adv. Proc. No.
                                                         6:05-ap-00006-KSJ)

_____

ORDER

This cause is before the Court on the Renewed Motion to Withdraw the Reference (Doc. 17; B.R. 101[1]) filed by Advanced Telecommunication Network, Inc. ("ATN"), the Plaintiff in consolidated adversary proceedings in the bankruptcy court.[2] Defendants have responded to the motion. (Doc. 23-3; B.R. 103). As set forth below, the Court declines to

---

[1]Citations to the Bankruptcy Record are indicated by "B.R.," whereas citations to the record in this Court are indicated by "Doc." For the sake of clarity, parallel citations to both records have been included, where applicable.

[2]This Court previously denied without prejudice ATN's Amended Motion to Withdraw the Reference (Doc. 1-1; B.R. 90) and granted leave to file a renewed motion. (Order, Doc. 10). That renewed motion is now before the Court.

withdraw the reference from the bankruptcy court at this time.

## I. Background

In the consolidated adversary proceedings, ATN has filed a nine-count Amended Consolidated Complaint against Defendants, Flaster/Greenberg, P.C., and Peter R. Spirgel. (Doc. 18-1; B.R. 88). ATN has demanded a jury trial on all issues, and Defendants have consented to a jury trial on all of ATN's legal claims. The parties dispute, however, which of ATN's claims are legal claims; in other words, there is a disagreement as to the extent of ATN's jury trial rights.

ATN seeks withdrawal of the reference to the bankruptcy court for final adjudication of the adversary proceedings. ATN notes in its motion that it "does not object to the Bankruptcy Court's handling of pre-trial matters[] but is concerned that the Bankruptcy Court cannot finally adjudicate this case or conduct a jury trial." (Doc. 17 at 2). ATN suggests that "[t]he Bankruptcy Court can prepare the case for trial in the normal course and this Court can handle final disposition of the case, whether by dispositive motions or jury trial." (Id. at 15).

Defendants join in ATN's request to withdraw the reference based on Defendants' consent to ATN's request for a jury trial on the legal claims in the Amended Consolidated Complaint. (See Doc. 23-3 at 1). However, Defendants assert that withdrawal of the reference should be made now rather than after the bankruptcy court handles pretrial matters. (Id. at 2). Thus, the disputed issue regarding the Renewed Motion to Withdraw the Reference is the timing of withdrawal of the reference.

II. Discussion

Original jurisdiction over bankruptcy cases and proceedings lies in district courts, see 28 U.S.C. § 1334(a), and bankruptcy courts obtain jurisdiction by referral at the discretion of district courts, see id. § 157(a). Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[3] "Although cause is not defined in the statute, [the Eleventh Circuit] has found that it is not an empty requirement." Dionne v. Simmons (In re Simmons), 200 F.3d 738, 741 (11th Cir. 2000).

"'[I]n determining whether cause exist[s] [to withdraw the reference,] a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process.'" In re Simmons, 200 F.3d at 742 (quoting In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 n.5 (11th Cir. 1991)). The moving party bears the burden of demonstrating cause for withdrawal of the reference. See, e.g., Wi-Sky Inflight, Inc. v. Leabman (In re Wi-Sky Inflight, Inc.), 483 B.R. 788, 792 (N.D. Ga. 2012).

ATN bases its motion to withdraw the reference on two concerns–that the bankruptcy court cannot conduct a jury trial and that the bankruptcy court cannot finally adjudicate the case. A right to a jury trial can constitute cause for withdrawal of the reference where the parties do not expressly consent to having the bankruptcy court conduct the jury trial. See,

---

[3]In its motion, ATN relies on the quoted portion of § 157(d), which pertains to "permissive" withdrawal of the reference. ATN does not argue for "mandatory" withdrawal of the reference, which is provided for in another portion of § 157(d).

e.g., Stettin v. Centurion Structured Growth LLC, No. 11-60400-CIV, 2011 WL 7413861, at *2 (S.D. Fla. Dec. 19, 2011). A jury trial, if any, must be conducted in a district court absent the parties' consent and special designation of the bankruptcy court. See 28 U.S.C. § 157(e). In such cases, however, pretrial matters may still appropriately be handled in the bankruptcy court. See, e.g., Gen. Elec. Capital Corp. v. Teo, No. CIV. 01-CV-1686(WGB), 2001 WL 1715777, at *5 (D.N.J. Dec. 14, 2001) ("[E]ven when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'" (quoting In re Lands End Leading, Inc., 193 B.R. 426, 436 (Bankr. D.N.J. 1996))).

The Court concludes that ATN's assertion of jury trial rights does not warrant withdrawal of the reference at this time. Pretrial proceedings may properly be handled by the bankruptcy court, and ATN does not object to the bankruptcy court conducting pretrial matters. (See Doc. 17 at 2, 4). The bankruptcy court is familiar with this case, the parties, and the issues involved, and it can efficiently handle the case until such time as withdrawal of the reference might be necessary. Indeed, this case might not ever make it to a trial posture, and Defendants themselves suggest that the trial, if any, could be "years from now," (Doc. 23-3 at 6).

Defendants acknowledge that this Court can appropriately delay withdrawing the reference until the bankruptcy court certifies that the case is ready for trial, but they nevertheless maintain that the reference should be withdrawn now. (See Doc. 23-3 at 2). The Court is not persuaded. Defendants' primary interest in having the reference withdrawn

at this point is in having venue transferred; in their response to ATN's amended motion to withdraw, Defendants included a motion seeking to have this case moved to New Jersey. (See Doc. 1-2; B.R. 92). However, Defendants' desire to have the case transferred to New Jersey does not support immediate withdrawal of the reference. Defendants explain that "the sole impetus for [their] motion to transfer venue was [ATN's] motion to withdraw the reference and demand for a jury trial." (Doc. 31 at 1). If the reference is ultimately withdrawn due to the necessity of a jury trial, transfer of the case for trial can be addressed at that time.

As Defendants also recognize, the issue of the extent of ATN's jury trial right is intertwined with the issue of withdrawal of the reference. (See Doc. 23-3 at 6). At the same time it filed its original and amended motions for withdrawal of the reference (B.R. 67 & 90), ATN also filed original and amended motions for jury trial (B.R. 66 & 89). According to the bankruptcy court docket sheet,[4] the bankruptcy court held a hearing regarding the motion for jury trial before the motion for withdrawal of reference was transferred to this Court. (See B.R. 84 (minute entry for hearing on motion)). That motion is appropriately ruled on by the bankruptcy court in the first instance,[5] and that ruling may bear on the issue of the scope of

---

[4]This Court does not have the benefit of the complete record in the bankruptcy court. Only certain record items have been transmitted, and the bankruptcy court's docket sheet (Doc. 23-4) has been provided.

[5]See, e.g., Official Comm. of Unsecured Creditors v. TSG Equity Fund, L.P. (In re Envisionet Computer Servs., Inc.), 276 B.R. 1, 6 (D. Me. 2002) ("The bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded."). As noted by Defendants, "if this Court does not withdraw the reference, it would not have jurisdiction to decide the motion for jury trial at this time." (Doc. 23-3 at 5). Absent withdrawal, that motion remains pending for the bankruptcy court.

any future withdrawal of the reference.

The second basis for ATN's motion is its concern that the bankruptcy court lacks authority to finally adjudicate this case. In this regard, ATN cites the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), in which the Court limited the ability of bankruptcy courts to render final judgments in some matters. However, as other district courts have noted, even after Stern "[t]he [b]ankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue." Atradius Trade Credit Ins., Inc. v. Mukamal (In re Palm Beach Fin. Partners, L.P.), No. 12-80614-CIV, 2013 WL 2158430, at *3 (S.D. Fla. May 17, 2013) (agreeing with In re Extended Stay, Inc., 466 B.R. 188 (S.D.N.Y. 2011)). "Withdrawing the reference simply due to the uncertainty caused by Stern is a drastic remedy that would hamper judicial efficiency . . . ." In re Extended Stay, 466 B.R. at 203. Even where a bankruptcy court lacks constitutional authority to enter final judgment on a claim, "it may submit proposed findings of fact and conclusions of law to this Court." Id.; see also Standing Order, Case No. 6:12-mc-26-Orl-22 (M.D. Fla. Feb. 22, 2012) (providing for submission of proposed findings of fact and conclusions of law by bankruptcy court to district court and for treatment by district court of bankruptcy court orders as proposed findings of fact and conclusions of law if district court determines that bankruptcy court exceeded its constitutional authority).

The possibility that the bankruptcy court may not be able to enter final judgment on

---

Additionally, absent withdrawal this Court cannot and does not rule on Defendants' Motion to Transfer Venue (Doc. 1-2; B.R. 92).

one or more of ATN's claims does not compel immediate withdrawal of the reference. Indeed, the bankruptcy court may conduct all pretrial proceedings, including addressing dispositive motions either by ruling on them or by submitting proposed findings and conclusions to this Court.

In sum, while this case may ultimately require a jury trial or otherwise warrant withdrawal of the reference to the bankruptcy court, withdrawal is not granted at this time.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that ATN's Renewed Motion to Withdraw the Reference (Doc. 17) is **DENIED without prejudice**. ATN or Defendants may assert a request for withdrawal of the reference at the conclusion of all pre-trial matters, including dispositive motions. No such request shall be made, however, until after the bankruptcy court has addressed ATN's Amended Motion for Jury Trial. The Clerk of the Court is directed to **close** this case.

**DONE** and **ORDERED** in Orlando, Florida this ___4th___ day of June, 2014.

                                                                              _____
                                                                              JOHN ANTOON II
                                                                              United States District Judge

Copies furnished to:
Counsel of Record